**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LYTTON RANCHERIA OF CALIFORNIA,
*et al.*,

        *Plaintiffs*,

    v.

UNITED STATES DEPARTMENT OF THE
INTERIOR, *et al.*,

        *Defendants*.

Civil Action No. 1:25-cv-00535 (CJN)

## <u>ORDER</u>

The government moves to transfer this case, ECF 18, and Plaintiffs move to stay it, ECF 26. For the reasons that follow, the Court grants Plaintiffs' motion.[1]

Plaintiffs, three "Southern Pomo Indian tribes with strong historical connections to Sonoma County, California," sued the Department of Interior, Bureau of Indian Affairs, and their officers for "rushing to take land into trust and to approve a casino project proposed by the Koi Nation of Northern California." ECF 14 ¶¶ 1, 4. The government moved to transfer the case to the Northern District of California because that district encompasses the land at issue and other suits challenging Interior's action were already proceeding there. ECF 18. While that motion was pending, the district court in one of those cases granted partial summary judgment against the government and vacated the Interior action at issue. *See Federated Indians of Graton Rancheria v. U.S. Dep't of the Interior*, No. 3:24-cv-8582, 2025 WL 2522376, at \*15 (N.D. Cal. Sept. 2, 2025). Plaintiffs

---

[1] The Court declines—at this time—to rule on the government's motion to transfer, ECF 18, because it concludes that a stay is warranted. Nothing in this Order, however, shall be construed to affect the merits of that motion.

1

now move to stay this case pending the conclusion of the appeals there, explaining that "[i]f appellate proceedings are completed in *Graton* and the district court's orders are not reversed or vacated, Plaintiffs would voluntarily dismiss this case." ECF 26 at 2. The government opposes the stay on the grounds that the request is premature and that the court in the Northern District of California should be the one to decide whether to stay the case. ECF 28.

When considering whether to stay a case, "the district court, in 'the exercise of judgment,' [must] 'weigh competing interests and maintain an even balance,' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Plaintiffs have met their burden to establish that a temporary stay of this case is warranted. Considerations of judicial economy favor a stay because how the Ninth Circuit resolves those appeals will likely affect the resolution of several issues, including whether transfer is appropriate, who should prevail on the merits, and whether Plaintiffs will continue to pursue this case at all. *See Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008) (observing that stays are "[o]ften" issued "in light of other pending proceedings that may affect the outcome of the case"); *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) ("Th[e] power to issue a stay may be appropriately exercised where a separate proceeding bearing upon the case is pending."). And the government has failed to establish that it would face "even a fair possibility" of hardship from such a stay. *Landis*, 299 U.S. at 255. Indeed, since briefing concluded on the stay motion here, the government requested—and was granted—a stay in one of the other related cases in the Northern District of California. *See California v. U.S. Dep't of Interior*, No. 3:25-cv-3850, 2026 WL 412133, at *1–2 (N.D. Cal. Feb. 13, 2026). The Court therefore concurs with that

2

court's conclusion that "a stay would significantly advance the orderly course of justice." *Id.* at *1.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion to stay, ECF 26, is **GRANTED**; and it is further

**ORDERED** that the Parties shall file a Joint Status Report every 90 days apprising the Court of developments in proceedings in other courts that might have some bearing on this case; and it is further

**ORDERED** that the Parties shall file a Joint Status Report that proposes next steps in this case within 30 days of the issuance of the Ninth Circuit's mandate in the *Graton* appeals; and it is further

**ORDERED** that this case is **STAYED** pending a further order of the Court upon its review of the post-mandate Joint Status Report.

DATE:  March 27, 2026                            _____

                                                 CARL J. NICHOLS
                                                 United States District Judge

3